UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WAYNE A. GARRETT,
                    *Plaintiff-Appellant,*

                    v.

RONALD ANGELONE, Director; RUFUS
J. FLEMING, Regional Director; D. A.
GARRAGHTY, Chief Warden Virginia
Department of Corrections; J. D.
OATES, III, Medical Administrator of
Department of Corrections; DONALD
SWETTER, M.D., Medical Director,
Greensville Correctional Center;                    No. 01-6426
GREENSVILLE CORRECTIONAL CENTER;
S. ROBINSON, Lieutenant,
Correctional Officer; DOCTOR SHAW;
DOCTOR BHULLER, M.D.,
Orthopedics; A. MILLNER, Nurse;
COMMONWEALTH OF VIRGINIA; ROBERT
G. O'HARA, Judge, Circuit Court of
the County of Greensville; ROBERT
C. WRENN, Clerk, Circuit Court of
the County of Greensville,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-154-AM)

Submitted: July 31, 2001

Decided: September 25, 2001

Before WIDENER, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Wayne A. Garrett, Appellant Pro Se. Michael John Otten, WRIGHT, ROBINSON, OSTHIMER & TATUM, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Wayne Garrett appeals the district court's order dismissing without prejudice his action under 42 U.S.C.A. § 1983 (West Supp. 2000), for failure to make regular payments toward the balance of the filing fee required under the Prison Litigation Reform Act, 28 U.S.C.A. § 1915(b)(1) (West Supp. 2000).

Title 28 U.S.C.A. § 1915(b) (West 1994 & Supp. 2000) provides that after payment of the initial partial filing fee, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." On appeal, Garrett claims that because he had no income deposited into his inmate account during the relevant period, he did not have to make the required payments of twenty percent of the preceding month's income credited to his account. The district court record reflects Garrett lost his prison job in May 2000 and had no income deposited into his inmate trust account after July 11, 2000. Because the district court did not find that Garrett did in fact have income deposited into his inmate account and did not find that Garrett's allegation of poverty was untrue, we find the dismissal constituted an abuse of discretion. Accordingly, we vacate the district court's order dismissing Garrett's

action and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*